IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONYA BRACKETT,<br><br>Defendant. | CR 14–34–M–DLC<br><br><br><br>ORDER |

Defendant Tonya Brackett has filed two motions to dismiss the indictment in this case. Defendant argues the indictment violates the applicable statute of limitations and was charged improperly under the wrong statute. Defendant's motions will be denied because Defendant was not required to be charged under 42 U.S.C. § 408 and none of the Counts in the indictment violate the statute of limitations.

## I. Facts

The parties spend considerable time arguing about the facts in this case. Because the legal issues relevant to the motions at hand do not depend, in large part, on any of the disputed facts, the focus here is on the facts pertinent to the pending motions.

1

Defendant was charged with five counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts I-V), theft of government money in violation of 18 U.S.C. § 641 (Count VI), and false statements in violation of 18 U.S.C. § 1001(a)(1), (2) (Count VII). The basis of the charges lies in Defendant's alleged failure to report her new husband's income and his presence in her household to the Social Security Administration ("SSA"). Defendant receives Supplemental Security Income ("SSI") on behalf of her daughter, Hayden, who was born prematurely and required considerable care and multiple surgeries after her birth. The government alleges Defendant's failure to report the change in her income and household status cost the Social Security Administration $26,553.

Defendant's current husband, Cory Brackett, moved into her home in Maryland in February 2008. They were married on May 23, 2008. The government alleges that, although the Defendant notified the SSA of her marriage and name change, she did not specifically advise the SSA of these changes in relation to her daughter's benefits. The government further alleges that when Defendant did report her husband's presence in her household, she misreported his income. Defendant disputes these allegations and argues any supposed overpayment of benefits is the result of the SSA's failure to follow up on the information she provided.

In August 2010, Defendant moved to Lolo, Montana and SSA reviewed her daughter's benefits in December 2010. The review revealed that Defendant had not always timely reported her correct household members and income. SSA requested additional documentation, but the government says Defendant failed to provide all of the requested documents. SSA terminated Hayden's benefits in June 2011 based on Defendant's failure to provide the requested information, and a fraud investigation followed, leading to the current charges pending before the Court.

## II. Motion to Dismiss: Statutory Charges

Defendant first urges the Court to dismiss the Indictment because it is multiplicitous and is properly charged as a continuous offense under 42 U.S.C. § 408. Section 408 permits imposition of "restitution in lieu of any other penalty authorized by law." (Doc. 11 at 2.) Defendant contends *Busic v. United States*, 446 U.S. 398 (1980) mandates a finding that the 2004 amendment to § 408 creates an ambiguity in the prosecution of Social Security fraud cases, the resolution of which must be in favor of the defendant based on the rule of lenity.

Defendant's argument fails because the government was not required to prosecute her pursuant to 42 U.S.C. § 408, nor does the 2004 amendment to that statute invalidate the Title 18 statutes under which Defendant was indicted. As the

government points out, this Court recently noted that "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Wallace*, CR 14-13-M-DLC, Doc. 16 (citing *United States v. Batchelder*, 442 U.S. 114, 124 (1979)). When the charged conduct "violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants," *Id.* at 123, or "unless the congressional history indicates that Congress intended to disallow the use of the more general statute." *United States v. Jones*, 607 F.2d 269, 271 (9th Cir. 1979) (quoting *United States v. Castillo-Felix*, 539 F.2d 9, 14 (9th Cir. 1976).

The language of § 408 does not require prosecutors to charge under Title 42 rather than Title 18 because it is permissive and disjunctive:

> (b) Restitution
> (1) Any Federal court, when sentencing a defendant convicted of an offense under subsection (a) of this section, <u>may order, in addition to or in lieu of</u> any other penalty authorized by law, that the defendant make restitution to the victims of such offense specified in paragraph (4).

42 U.S.C. § 408(b)(1)(emphasis added).

The fact that Congress added the clause "in lieu of any other penalty authorized by law" in its 2004 amendment does not show a clear intent to disallow use of Title 18 for Social Security fraud prosecutions. The ambiguity Defendant

4

attempts to manufacture simply does not exist. Hence, the rule of lenity does not apply. Because "repeals by implication are not favored, and effect should be given to overlapping statutes where possible," *Jones*, 607 F.2d at 272, Defendant's motion to dismiss based on improper charging fails.

### III. Motion to Dismiss: Statute of Limitations

Defendant also moves to dismiss the indictment based on a violation of the statute of limitations at 18 U.S.C. § 3282. Defendant contends the indictment alleges a single act of fraud in January-February 2008 which was discovered by the government in 2011, thus violating the five-year statute of limitations as charges were not brought until June 5, 2014. The government responds that Counts I-V of the indictment allege specific dates of fraudulent activities from December 30, 2010 to April 29, 2011, which are well within the five year statute of limitations period. Counts VI and VII are also within the applicable period, the government contends, because those charges involve activity between June 2009 and September 2011.

Statutes of limitation "normally begin to run when the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970). Criminal statutes of limitation are "designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time

5

and to minimize the danger of official punishment because of acts in the far-distant past." *Id.* at 114-115.

Defendant argues that none of the alleged offenses are continuing offenses. The doctrine of continuing offenses tolls the statute of limitations until the offense expires. *Id.* at 115. "A continuing offense is a continuous unlawful act or series of acts set on foot by a single impulse." *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013) (quoting *United States v. Midstate Horticulture Co.*, 306 U.S. 161, 166 (1939). An offense must not be characterized as a continuing offense "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.* Defendant correctly points out that this Court recently held that 18 U.S.C. §§ 641, 1001 do not create continuing offenses. *See United States v. Crary*, 2013 WL 6054607 (D.Mont. Nov. 2013); *United States v. Wallace*, CR 14-13-M-DLC.

The Court need not analyze the continuing offense issue because each of the seven Counts in the indictment allegedly occurred within the five year statutory period. The only questionable time frame is for Counts VI and VII, because the indictment lists the time frame as beginning in or about June 2009 and continuing until in or around September 2011. The indictment was filed June 5, 2014, so at

most Defendant's position would exclude four days of Defendant's receipt of benefits and alleged false statements from June 1, 2009 to June 4, 2009. The Court is not inclined to grant Defendant's motion to dismiss based on the statute of limitations for this extremely limited period of time. *See United States v. Jensen*, 690 F.Supp.2d 901, 909 (D.Alaska 2010)("the government is not required to allege in an indictment all of its evidence" pertaining to the statute of limitations). However, should these four days become important at trial, the Court will entertain a renewed motion to dismiss.

IT IS ORDERED that Defendant's motions to dismiss the indictment (Docs. 11, 13) are DENIED.

DATED this 21st day of August, 2014.

Dana L. Christensen, Chief District Judge
United States District Court